# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DARIAN BRODY** | : | **No. 17-cr-121-3** |

## MEMORANDUM

PRATTER, J.                                                                                                                           APRIL 19, 2021

Darian Broady collaterally challenges his sentence under 18 U.S.C. § 924(c). At the time he filed his habeas petition, the legal issue arguably dispositive to resolving his petition was on appeal before the Third Circuit Court of Appeals. The Government requested that the Court await the appellate court's ruling. The Third Circuit Court of Appeals has since held that an attempt to commit a crime of violence categorically qualifies as a crime of violence under 18 U.S.C. § 924(c). *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021). For the reasons that follow, the Court denies Mr. Broady's petition and will not issue a certificate of appealability.

### BACKGROUND

Mr. Broady was charged in a three-count superseding indictment with conspiracy to commit robbery which interferes with interstate commerce (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), attempted Hobbs Act robbery, also in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during and in relation to the conspiracy and attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). The charges arose out of a planned attempt with three others in September 2016 to rob a neighboring apartment where they thought they would find drugs and money.

Mr. Broady and his co-conspirators accosted their victims outside of the apartment. All of them were armed. They pistol-whipped one of their victims before forcing both victims into the

apartment. This outdoors activity was captured on surveillance video. Once inside the apartment, Mr. Broady and his co-conspirators used cable wire to tie up their victims. They did not find any stash of drugs or money. They did, however, steal one of the victim's wallets containing some cash, credit and debit cards, and the owner's driver's licenses.

During the robbery, one of the co-conspirators who was serving as a look-out, alerted those inside the apartment that a neighbor was going to call the police. Based on this tip, the co-conspirators fled the apartment in a burgundy-colored van. Mr. Broady was arrested about a week later inside of that van.

Mr. Broady pled guilty to all counts. Under the Federal Sentencing Guidelines, he faced a possible range of 262-to-327 months' imprisonment. However, he and the Government negotiated a plea, providing for a recommended total sentence of 84 months and one day. This length of time represented the mandatory minimum of 84 months for the § 924(c) offense plus one day At the sentencing hearing, the Court imposed the sentence reached in the plea agreement to be followed by five years of supervised release and a $300 special assessment.

Mr. Broady then filed this § 2255 petition, challenging the sentence imposed for conspiracy to commit Hobbs Act robbery. He argues that the offense no longer qualifies as a "crime of violence" for purposes of § 924(c) following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Government responded to the petition requesting that the Court await the Third Circuit Court of Appeals' resolution of the sole argument Mr. Broady raised. The appellate court has since issued its decision. *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021). Accordingly, the Court now considers—and rejects—the merits of Mr. Broady's petition.

## LEGAL STANDARD

Section 2255 allows a prisoner in custody to attack his sentence if it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

2

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). So, a petitioner may only prevail on a § 2255 claim by demonstrating that an error of law was constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962).

Mr. Broady filed his § 2255 petition *pro se*. The Court liberally construes *pro se* pleadings and holds them to a somewhat less stringent technical standard than pleadings drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

## DISCUSSION

### I.   Attempted Hobbs Act Robbery is a "Crime of Violence"

Mr. Broady's sole argument is that his sentence should be reduced as a result of the Supreme Court's decision in *United States v. Davis*. He argues that his conviction and sentence for conspiracy to commit Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(1). So, he contends, he should not have been subject to the 84-month mandatory minimum sentence for a § 924(c) offense.

Section 924(c) applies to a person who uses or carries a firearm during and in relation to a "crime of violence." The statute defines a "crime of violence" as "an offense that is a felony" and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Davis* invalidated subsection (B)—the "residual clause"—of § 924(c) as unconstitutionally vague. 139 S. Ct. at 2336. This leaves only subsection (A), the so-called "elements" clause, as a viable basis for a § 924(c) charge. 18 U.S.C. § 924(c)(3)(A).

3

As a threshold matter, it is immaterial that Mr. Broady's petition challenges only his sentence for conspiracy to commit Hobbs Act robbery. Mr. Broady pled guilty to both conspiracy to commit and attempted Hobbs Act robbery. The Court imposed the 84-month mandatory minimum sentence for the § 924(c) charge based on the predicate crimes of both conspiracy and attempted Hobbs Act robbery. *See United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (rejecting challenge to jury instruction that conspiracy to commit armed bank robbery offense could serve as predicate for § 924(c) charge where jury convicted on both conspiracy and substantive count).[1] The sentence imposed was grounded on the substantive attempt crime. And the Court need not resolve whether the conspiracy crime is a proper predicate offense to consider the petition.

The Third Circuit Court of Appeals squarely rejected the theory underlying Mr. Broady's legal challenge. Indeed, the question presented to the appellate court was the very same as Mr. Broady raises in his petition: "Does an attempt to commit a crime of violence categorically qualify as a crime of violence itself?" "Given the language of § 924(c) and the clear congressional intent behind it," the court answered "yes." *United States v. Walker*, 990 F.3d 316, 319 (3d Cir. 2021).[2] So, attempted Hobbs Act robbery can serve as a valid predicate for a § 924(c) charge.

---

[1] The Third Circuit Court of Appeals did not reach the issue of whether conspiracy to commit Hobbs Act robbery is categorically a crime of violence. *Walker*, 990 F.3d at 323 n.10. But it acknowledged that several sister circuit courts have held conspiracy to not be a predicate crime of violence. The Government concedes that the conspiracy offense does not categorically qualify as a § 924(c) predicate crime of violence.

[2] To be sure, this question has produced a circuit split. The majority of the courts to consider the issue, including the Fifth, Seventh, Ninth, Eleventh—and now Third—have held that attempted Hobbs Act robbery is categorically a crime of violence. *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020); *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 351-53 (11th Cir. 2018), *abrogated in part on other grounds by Davis*, —— U.S. ——, 139 S. Ct. 2319 (2019). Certain of these opinions finding that attempt categorically qualifies as a § 924(c) predicate offense have generated vigorous dissents. The Fourth Circuit has rejected the majority approach, although it advanced a theory separate from the reasoning of the dissents. *United States v. Taylor*, 979 F.3d 203, 209-10 (4th Cir. 2020). Regardless of any circuit

4

Like the appellant in *Walker*, Mr. Broady argues that the predicate offenses for his § 924(c)[3] charge cannot categorically be crimes of violence because they "can be committed by causing fear of future injury to property, which does not require 'physical force.'" Doc. No. 216 at 14[4]; *Walker*, 990 F.3d at 325. The Third Circuit Court of Appeals found that neither the plain language of § 924(c) nor congressional intent support Mr. Walker's proposed interpretation.

The appellate court first held that "attempted" in the context of attempt crimes does not mean the generic 'tried, but failed.' Rather, it is best understood in its "technical sense." That is, an attempt crime requires an "overt act that constitutes a substantial step toward completing the offense." *Id.* at 329 (internal citation omitted). With that understanding, the panel read the words "attempted use" in the elements clause of § 924(c) to cover attempt offenses. *Id.* The court declined to read those words out of the statute, finding that such an interpretation would run counter to congressional intent given the explicit inclusion of the words "attempted use" in the elements clause. *Id.* at 329-30. Moreover, the court would not engage in self-defeating "casuistry so often associated with the categorical approach," and, so doing, read out many of the predicate crimes Congress intended to include in the statute. *Id.* at 330.

Mr. Broady's petition presents a straightforward application of the rule announced in *Walker*. Mr. Broady pled guilty to and was sentenced for attempted Hobbs Act robbery. Despite facing a range of 262-to-327 months' imprisonment based on the Federal Sentencing Guidelines,

---

split, however, opinions issued by the Third Circuit Court of Appeals are precedential authority for this Court.

[3]  Mr. Broady also appears to claim that Hobbs Act robbery is not categorically a "crime of violence." As a threshold point, Mr. Broady was not charged with Hobbs Act Robbery. Moreover, even if he were, the Third Circuit Court of Appeals has unequivocally held that the substantive robbery charge is "clearly" a crime of violence under the elements clause. *United States v. Monroe*, 837 F. App'x 989, 901 (3d Cir. 2021).

[4]  The Court adopts the pagination supplied by ECF.

he negotiated a joint recommendation of the mandatory minimum sentence of 84 months for this offense and the Court decided to accept that recommendation. That acceptance was *not* expressed in terms of any equivocation based upon any unease with the proposition that the conduct to which Mr. Broady pled guilty was indeed a crime of violence. There is no basis on which to find that the imposed sentence was unconstitutional, imposed without the Court having jurisdiction, or in excess of any maximum amount of time authorized by law. For these reasons, the Court denies his petition.

## II.     Hearing

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to § 2255 unless the motions, files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005).

Although the movant must meet only a low threshold to secure an evidentiary hearing, *Booth*, 432 F.3d at 546, the Court will not hold a hearing in this case. Mr. Broady's petition raised only a legal challenge which was presented to and conclusively rejected by the Third Circuit Court of Appeals.

## III.    Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, it must also determine whether a certificate of appealability should issue. Based upon the motion and files and records of the case, and for the reasons set forth above, the Court finds that Mr. Broady has not exhibited a substantial denial of a constitutional right. A certificate will not issue.

CONCLUSION

For the reasons discussed above, Mr. Broady's § 2255 petition will be denied, and a Certificate of Appealability will not issue. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE